UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIDOL C. MENDONES, | Case No. 25-cv-09490-LJC |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |
| WADE LITIGATION, et al., | |
| Defendants. | |

## I.      INTRODUCTION AND BACKGROUND

Plaintiff Maridol Mendones, pro se, brings this action arising out of a contract for legal services that she claims Defendants wrongfully repudiated.  She names as Defendants the law firm Wade Litigation, its principal attorney Amiel Wade, and non-attorney staff member Kelley Luchs. Defendants moved to dismiss for failure to state a claim on which relief may be granted, ECF No. 15, and later indicated that they wished to "amend their motion to dismiss to include lack of [subject matter] jurisdiction as an additional ground," ECF No. 26 at 2.

Based in part on apparently undisputed representations that Defendants returned some but not all of the $25,000 retainer that Mendones paid them, the Court stayed briefing on the Motion to Dismiss and referred the parties to an early settlement conference.  That conference did not result in a settlement.  ECF No. 51.

Having reviewed the Complaint and considered Defendants' intent to amend their Motion, the Court agrees that subject matter jurisdiction appears to be lacking.  The Court has an obligation to address subject matter jurisdiction even in the absence of a challenge by a party, and therefore ORDERS Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction for the reasons discussed below.

United States District Court
Northern District of California

Plaintiff must file a response to this Order no later than two weeks from the date of this Order.  Briefing on Defendants' Motion to Dismiss remains stayed.

## II.    LEGAL STANDARD

Federal courts are courts of limited subject matter jurisdiction, and a plaintiff must provide a sufficient explanation of why this case falls within that jurisdiction.  Two of the most common grounds for federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331, which applies to claims "arising under the Constitution, laws, or treaties of the United States," and diversity jurisdiction under 28 U.S.C. § 1332(a), which applies to cases where no defendant is a citizen of the same state as any plaintiff and where the amount in controversy exceeds $75,000.  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

## III.    ANALYSIS

The Complaint's discussion of subject matter jurisdiction reads as follows:

> 7. Subject matter in this action is properly heard in this Court, as the action or disputes moot and believe that this Court is relevant for the resolution of this case.
>
> [. . .]
>
> 10. United States District Court, Northern District of California, has the power and authorization to hear both state and federal laws and statutes, thus resolves controversies in this regard. The claim of the Plaintiff derived from federal statute granting party who had suffered a particular injury. Aside from subject matter jurisdiction, this court allows to adjudicate independently matters of federal laws.

Compl. ¶¶ 7, 10.  Those paragraphs, which are not fully intelligible, do not state any valid basis for subject matter jurisdiction.

Plaintiff checked a box on her Civil Cover Sheet indicating that she intended to invoke diversity jurisdiction under 28 U.S.C. § 1332(a).  ECF No. 1-1.  In an abundance of caution, the Court also considers federal question jurisdiction under 28 U.S.C. § 1331.

### A.    Federal Question Jurisdiction Under § 1331

The only claim Mendones asserts in the Complaint is for breach of fiduciary duty.  Compl.

¶ 26. She cites authority from state courts, and state model jury instructions, recognizing such a claim based on attorney-client relationships under California law. *Id.* (citing, *e.g.*, *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal. 3d 176, 189 (1971); *Knutson v. Foster*, 25 Cal. App. 5th 1075, 1093–94 (2018); CACI 4106[1]). A claim for breach of fiduciary duty under state law would not provide a basis for federal question jurisdiction under 28 U.S.C. § 1331.

The Complaint also cites one federal law, 29 U.S.C. § 1109. Compl. ¶ 26. That provision of the Employee Retirement Income Security Act (ERISA) provides that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan" the consequences of such a breach. 29 U.S.C. § 1109(a). ERISA, however, is not an all-purpose statute for any potential fiduciary duty. In that statute, the term "'plan' means an employee welfare benefit plan or an employee pension benefit plan or a plan which is both" of those things, with those terms also specifically defined. *Id.* § 1002(3); *see also id.* § 1002(1), (2)(A). Mendones has not alleged that any defendant is a fiduciary of such a "plan," or that this case has any relation to the "duties imposed upon fiduciaries by" ERISA. *Cf. id.* § 1109(a).

A claim "that is 'obviously frivolous' does not confer federal subject matter jurisdiction." *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (citing *Hagans v. Lavine,* 415 U.S. 528, 536–37 (1974)), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). A district court may dismiss a purportedly federal claim for lack of subject matter jurisdiction "if: (1) 'the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction'; or (2) 'such a claim is wholly insubstantial and frivolous.'" *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).

At least based on the facts alleged, there is no reason to think that Mendones could state a claim against these Defendants, whom she sought to hire for legal representation, for violation of

---

[1] The Court notes that the current version of the Judicial Counsel of California's Civil Jury Instructions (CACI) does not include an instruction numbered only 4106, but instructions 4106A and 4106B respectively address intentional and negligent breach of fiduciary by an attorney.

United States District Court
Northern District of California

"ERISA's comprehensive regulation of employee welfare and pension benefit plans." *See N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 650 (1995) (generally describing ERISA).  Mendones's passing reference to 29 U.S.C. § 1109 is therefore sufficiently "immaterial" and "insubstantial" to warrant disregarding it for the purpose of assessing subject matter jurisdiction.  With that statute set aside, there is no basis apparent for federal question jurisdiction under § 1331.

### B.     Diversity Jurisdiction Under § 1332(a)

Diversity jurisdiction typically[2] requires two conditions to be met: (1) complete diversity of citizenship, such that no plaintiff in the case is a citizen of the same state as any defendant; and (2) an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

The Court assumes for the sake of argument that Mendones—a resident of Nevada suing Defendants located in California—has sufficiently alleged complete diversity of citizenship.  *See* Compl. ¶¶ 1–2.  With respect to the amount in controversy, however, nothing in Mendones's Complaint indicates that she is seeking damages exceeding $75,000, or that she has any basis to do so.

Mendones alleges that her estranged husband paid a retainer of $25,000 on her behalf for Defendants "to ascertain if [she] can file a meritorious appeal."  Compl. ¶¶ 14–15.  When Defendants later declined to do so, they apparently returned some but not all of that retainer.  *Id.* ¶ 22 ("The law firm promised to return some of the remaining funds in the retainer's fee, but they did not return the full amount . . . .").  Mendones argues that her husband, not Mendones herself, is entitled to recovery of the unreturned portion of the retainer he paid, as well as interest on that amount.  Compl. at 11–12.[3]  Even if Mendones sought such damages for herself, those categories of economic damages do not meet the $75,000 threshold.  Mendones also seeks emotional distress

---

[2] This case does not implicated other permutations of diversity jurisdiction, such as claims involving foreign citizens or states, 28 U.S.C. § 1332(a)(2)–(4), or class claims subject to the Class Action Fairness Act, *id.* § 1332(d).

[3] The Complaint's discussion of damages is not presented in numbered paragraphs, so the Court cites this portion of the Complaint by page number.

damages and punitive damages, but her Complaint does not attempt to quantify those damages or assert that they exceed $75,000. *See* Compl. at 12–13.

The "party asserting diversity jurisdiction under § 1332 must prove that amount in controversy exceeds $75,000 where it is not 'facially evident' from complaint." *Crook v. Wyndham Destinations, Inc.*, 830 F. App'x 963, 964 (9th Cir. 2020) (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003)). It does not appear that Mendones has done so here.

## IV.    CONCLUSION

For the reasons discussed above, Mendones is ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction. Mendones must file a response addressing that issue no later than two weeks from the date of this Order. Briefing on Defendants' Motion to Dismiss remains stayed.

**IT IS SO ORDERED.**

Dated: June 4, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

5